STATE, SOCIETY FOR ESTABLISHING USEFUL MANUFAC-TURES, PROSECUTOR, PLAINTIFF IN ERROR, v. MAYOR AND ALDERMEN OF THE CITY OF PATERSON, DEFEND-ANTS IN ERROR.

1. A law requiring assessments for special benefits in laying a street, may restrict the area of assessment to the lands fronting on such improved street.
2. Such assessments depend for their justification on ancient usage.
3. The court will not look into matters sent up and returned with the *certiorari*, which are not within the mandate of such writ.

On error to the Supreme Court.

For the plaintiff in error, *George S. Hilton.*

For the defendant in error, *John W. Griggs.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. By the act approved April 9th, 1875, (*Pamph. L., p.* 639,) the governor of the state was

authorized to appoint three persons as a board to adjust unpaid assessments in the city of Paterson. Such board having been duly constituted, in the performance of its duties, made an assessment of the damages and benefits done to the property of the plaintiff in error by the grading of Totowa avenue, one of the streets of such city. Being dissatisfied with that action of these officers, such land-owner applied for and obtained a writ of *certiorari*, by force of which these proceedings were removed to the Supreme Court. On the return of such process to the court below, a multitude of grounds were assigned for setting aside this whole procedure. Some of such reasons grew out of the mode in which the city ordinance, which authorized the grading of the street in question, had been enacted, and others from the mode in which the work attending such grading had been done. These reasons are again set forth in the assignments of errors filed in this court. I shall not discuss any errors of this class. None of them are before this court, nor were they before the Supreme Court. It is true that, in making a return to the writ of *certiorari,* the proceedings relative to the enactment of the ordinance, and to its execution, were tacked to such process, and returned with it; but that circumstance did not place such matters *sub judice.* The court could not adjudicate anything that was not before it by force of its own writ. All that the writ declared that the court was willing to be certified of, was a "certain award and assessment for the grading of Totowa avenue," &c., "purporting to have been made under an act to adjust unpaid assessments in said city," and it was those proceedings that were removed, and nothing more. The commissioners who made the disputed assessment had nothing to do with the ordinance under which the grading had been done. They had no authority to adjudicate on the legality of such ordinance, their duty being simply to assess the damages and benefits in all cases in which streets had been graded, and the resulting damages and benefits had not been ascertained and paid. It is essential that prosecutors should be confined strictly to the subject embraced in their writs, and it

is especially so in such cases as the present, because it is obvious, from the proofs, that a writ to bring up these proceedings which I have just discarded, would never have been granted on account of the laches of this prosecutor, in urging the objection which he now seeks to make. He has stood by in silence, and has seen the work done and the public moneys expended in this improvement, and by such inaction, has lost, with respect to such things, his *status* as a litigant. This doctrine is of public concern, for unless it is stringently enforced, very great embarrassment to the administration of the finances of all the municipalities of the state must be the result.

The case regarded in this aspect, presents but a single problem, which is, whether the act itself, by virtue of which these proceedings have been taken, is constitutional. This, I say, is the sole inquiry, because these officers appear to have squared their conduct very closely with the provisions and requirements of this law.

The only objection of any account, urged against this statute is, that it confines the assessment for damages and benefits to lands fronting on that part of the street which had been graded. It exempts from a liability to render an equivalent for the benefits arising from the improvement, all other property in the vicinity, no matter how much it may have been benefited. The contention is, that this law, therefore, arbitrarily designates a tax area of its own, which does not coincide with any political district, or subdivision of such district, and that it does not embrace the whole of the class of land-owners whose property is enhanced in value, but only a portion of such class.

I think this law is clearly subject to these imputations. It is plain that it sets off a small portion of the territory of that city, and subjects it to this particular imposition, and if, consequently, we are to regard these assessments which are made against the land-owner for benefits conferred upon his property by this class of public works, as ordinary exercises of the taxing power, I confess I do not see how they are to

be vindicated. In *State, Baldwin, pros.,* v. *Fuller,* 10 *Vroom* 576; 11 *Id.* 615, it was explicitly decided, first in the Supreme Court, and then in this court, that the legislature could not, of its own will, and without being justified for so doing, from the nature of things, lay off any particular portion of territory for the purpose of putting a peculiar tax upon it. Such an act was pronounced to be not a legitimate act of taxation, looking at it in the light of general legal principles. That decision was the product of legal rules correctly applied, and should not, in any degree, be disturbed.

But still the question presses, are these assessments to be treated and regulated by the same rules that confine and trammel legislation in its ordinary uses? And upon full consideration, my conclusion is, that they are not to be so regarded, and that the power in such instances exercised is *sui generis.* The right of the public to improve a man's property against his will, and to make him pay the expense, calling it a tax, has always seemed to me a kind of procedure very dissimilar from ordinary acts of legislation. But such exercises of authority, however abnormal they may seem when tested by theory, have too long prevailed, both in this state and elsewhere, to be now called in question. The existence of the legislative power, in this province, has been settled by long usage and oft-repeated judicial recognition. And in many instances, and for a long period of time, it has been put in force in the form that is now in this case exclaimed against, for assessments confined to the lands fronting on the improved street are not novelties, but have always been a part of this exceptional system. So, likewise, such partial impositions have been, from time to time, at least tacitly assented to by the courts in the state, and various assessments made under laws containing this feature have been sustained by this court of last resort. And it is likewise impossible to forget the fact that there is at present much of the legislation of the state largely affecting municipal interests of great magnitude, which has grown up by reason of such apparent judicial sanction. In this state of affairs, it

seems to me that the practice now in question must be taken to be a recognized part of that ancient and inveterate plan which has been resorted to in taxing the land-owner for the special benefit that a public improvement of this kind has imparted to his property. Viewing it in this light, it cannot, at this late day, be discarded.

With respect to the other exceptions to these proceedings and this act, I have found nothing in them of such weight as to require any discussion at my hands. On these subjects, I concur in the views presented in the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, REED, VAN SYCKEL, CLEMENT, DODD, GREEN — 10.

*For reversal* — None.